UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT PUTNAM, ANTHONY KING, MONTY CARMONA, and ANTHONY MALDONADO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RCH CABLE, LLC, PATRIOTIC MANAGEMENT, INC., VEOSE ASSOCIATES OF NY, INC., JOHN DOE CORPORATIONS 1-10, and JOHN DOES 1-10,<br><br>Defendants. | No.  1:15-CV-507 (DNH/RFT)<br><br>**COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT AND NEW YORK LABOR LAW**<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

Plaintiffs Robert Putnam, Anthony King, Monty Carmona, and Anthony Maldonado ("Plaintiffs"), by their undersigned counsel, bring claims as a collective action for violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. (the "FLSA"), and as a class action pursuant to Fed. R. Civ. P. 23 for violation of the New York Labor Law ("NYLL") against defendants RCH Cable, LLC, Patriotic Management, Inc., Veose Associates of NY, Inc., John Doe Corporations 1-10, and John Does 1-10 (together, "Defendants") and allege as follows:

**NATURE OF THE ACTION**

1. This is a collective action under the FLSA and a class action under the NYLL against Defendants for failure to pay for all hours worked, including overtime to Plaintiffs and other similarly situated employees with the title of Retention Specialist or the equivalent thereof (the "Retention Specialists"), for unlawful deductions in the form of requiring the Retention Specialists to pay for various expenses of Defendants and for failure to reimburse the Retention

Specialists for use of their personal vehicles during work hours, and for failure to provide accurate wage statements as required by NYLL §195.

2. RCH performs on-the-ground services for the broadband and cable TV industry, such as collections, asset recovery, and door to door sales. Plaintiffs and similarly situated Retention Specialists were employed by Defendants to attempt to collect on past due invoices from customers, and, if unsuccessful, to disconnect and retrieve the broadband/TV equipment from customers' homes. Pursuant to a uniformly applied policy, Plaintiffs and the Retention Specialists frequently worked as many as 70 hours per week, but were not paid for all hours worked including overtime hours. Instead, Plaintiffs and the Retention Specialists were required to "punch out" after approximately 40 hours per week and keep working off the clock.

3. Pursuant to another uniform policy, Defendants require the Retention Specialists to pay many of the costs necessary for Defendants' business to operate. These costs include, without limitation, purchasing a vehicle to travel as required to perform work for Defendants and paying all associated expenses such as gasoline, tolls, insurance and maintenance. These deductions are unlawful under the FLSA because they cause the wages of the Retention Specialists to fall below the minimum wage; the deductions are unlawful under the NYLL for the same reason and for the additional reason that the deductions are not within the list of deductions specifically permitted under the NYLL.

4. In addition to the above violations, Defendants have failed to provide accurate pay statements in violation of NYLL §195(3). The pay stubs do not list the name and address of RCH Cable, who is the Retention Specialists' employer, do not accurately state the rate of pay and whether the Retention Specialists are paid by the hour or piece, the telephone number of the employer, the physical address of the employer's office or principal place of business, the

overtime rates of pay, the number of regular hours worked, and the number of overtime hours worked.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. This Court has jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in this District because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District, including but not limited to Plaintiffs' employment by Defendants.

## THE PARTIES

7. Plaintiff Robert Putnam was employed by Defendants from February, 2013 through January, 2015. Plaintiff was employed as a Retention Specialist, and for a short period as a "market manager." Plaintiff Putnam worked between 50-70 hours per six-day work week and was not paid for all hours worked, including overtime hours. Plaintiff Putnam's responsibilities included attempting to collect past due payments from customers and, if unsuccessful, disconnecting and retrieving the broadband and/or TV equipment from the delinquent customers' homes, and various administrative tasks related to the collection of payments and/or broadband equipment. Plaintiff was directed to work "off the clock" for hours worked over 40 hours per week. Plaintiff purchased a vehicle in order to work for Defendants and paid all expenses for that vehicle including gas, tolls, insurance and maintenance. Plaintiff was not reimbursed for any of the expenses he incurred in connection with his vehicle. Defendants required that Plaintiff purchase a vehicle in order to work for them.

8. Plaintiff Anthony King was employed by Defendants as a Retention Specialist from July, 2014 through March, 2015. Plaintiff frequently worked over 40 hours per week and

was not paid for all hours worked, including overtime hours. Plaintiff King's responsibilities included attempting to collect past due payments from customers and, if unsuccessful, disconnecting and retrieving the broadband/TV equipment from the delinquent customers' homes, and various administrative tasks related to the collection of payments and/or broadband equipment. Plaintiff was directed to work "off the clock" for hours worked over 40 per week. Plaintiff purchased a vehicle in order to work for Defendants and paid all expenses for that vehicle including gas, tolls, insurance and maintenance. Plaintiff was not reimbursed for any of the expenses he incurred in connection with his vehicle. Defendants required that Plaintiff purchase a vehicle in order to work for them.

9. Plaintiff Monty Carmona is a current employee of Defendants and has been employed by Defendants since July, 2013. Plaintiff has been employed as both a Retention Specialist and a "market manager." Plaintiff frequently worked over 40 hours per week and was not paid for all hours worked, including overtime hours. Plaintiff's responsibilities included attempting to collect past due payments from customers and, if unsuccessful, disconnecting and retrieving the broadband/TV equipment from the delinquent customers' homes, and various administrative tasks related to the collection of payments and/or broadband equipment. Plaintiff was directed to work "off the clock" for hours worked over 40 per week. At times, Plaintiff performed as many as 120 "disconnects" per week, which cannot be performed in a standard 40-hour work week. Plaintiff used his own vehicle to work for Defendants and was not reimbursed for any of the expenses he incurred in connection with his vehicle, including insurance, gas, tolls and maintenance.

10. Plaintiff Anthony Maldonado was employed by Defendants as a Retention Specialist from March, 2014 through August, 2014. Plaintiff frequently worked over 40 hours

per week, usually a minimum of 50 hours per week over a six-day work week, and was not paid for all hours worked, including overtime hours. Plaintiff's responsibilities included attempting to collect past due payments from customers and, if unsuccessful, disconnecting and retrieving the broadband equipment from the delinquent customers' homes, and various administrative tasks related to the collection of payments and/or broadband/TV equipment. Plaintiff was directed to work "off the clock" for hours worked over 40 per week. Plaintiff used his own vehicle to work for Defendants and was not reimbursed for any of the expenses he incurred in connection with his vehicle, including insurance, gas, tolls and maintenance.

11. Defendant RCH Cable claims to be "America's most renowned provider of revenue-generating fulfillment services for the broadband and utilities industries." Defendant RCH "offers field collections, asset recovery, door to door sales, canvassing programs and any other face to face projects requiring in-person interaction with [television and broadband companies'] customers" and has "over 1500 field representatives located in over 200 cities nation-wide." RCH claims to have "more than 1,500 trained feet on the street." RCH's corporate office is located at 301 Commerce Drive, Moorestown, New Jersey. At all times relevant to this action, RCH Cable and its management acted as employers toward Plaintiffs and the Retention Specialists, by among other things hiring, firing, setting rates of pay, setting schedules, determining working conditions, setting personnel policies, and exercising control over, Plaintiffs and the Retention Specialists.

12. Defendant Patriotic Management, Inc. ("Patriotic") is located at the same address as RCH Cable. Patriotic's name and address appear on Plaintiffs' pay stubs and W-2 statements for the year 2013. On information and belief, Patriotic is closely affiliated with RCH Cable, is

owned by RCH Cable, or shares common ownership with RCH Cable. Patriotic is therefore an employer and/or joint employer of Plaintiffs and the Retention Specialists.

13. Defendant Veose Associates of New York, Inc. ("Veose") is a Delaware corporation with headquarters at 1000 N. West Street, Suite 1200, Wilmington, Delaware. Veose's name and address appear on Plaintiffs' pay stubs and W-2 statements for the year 2014. Veose is therefore is an employer and/or joint employer of Plaintiffs and the Retention Specialists.

## COLLECTIVE ALLEGATIONS

14. Plaintiffs bring the First Cause of Action as a collective action pursuant to §216(b) of the FLSA, 29 U.S.C. §216(b) on behalf of himself and other similarly situated people (the "Collective"), which shall include:

> All persons who work or worked for Defendants as Retention Specialists from April 27, 2012 through the date the Court orders notice to be sent in accordance with §216(b) of the FLSA (the "FLSA Class Period").

15. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the Collective and for making unlawful deductions from the pay of Plaintiffs and the Collective. There are likely hundreds or thousands of similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records that Defendants are required to create and maintain under applicable federal and state law. Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b).

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following class of Retention Specialists (the "Class"):

> All persons in the State of New York who work or worked for Defendant as Retention Specialists from April 27, 2009 through the date a judgment is entered in this action. Excluded from the Class are Defendants, and any corporations, partnerships or other entities affiliated with Defendants.

17. The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff estimates that there are dozens of members of the Class.

18. Questions of law and fact are common to all the members of the Class that predominate over any questions affecting only individual members, including:

　　a.　Whether Defendants failed to pay Plaintiffs and the Class for all hours worked and/or at overtime rates for hours worked over 40 per workweek;

　　b.　Whether Defendants made unlawful deductions from the pay of Plaintiffs and the Class;

　　c.　Whether Plaintiffs' pay stubs from Defendants complied with the requirements of the NYLL;

　　d.　Whether Defendant's conduct violated the NYLL;

　　e.　Whether Defendants' conduct was willful and/or not in good faith;

　　f.　Whether Plaintiffs and the Class are entitled to liquidated damages; and

　　g.　The amount by which Plaintiffs and the Class were damaged.

19. The claims of Plaintiffs are typical of the claims of the members of the Class. Plaintiffs have no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiffs.

20. Plaintiffs will protect the interests of the Class fairly and adequately, and Plaintiffs have retained attorneys experienced in class action litigation.

21. A class action is superior to all other available methods for this controversy because:

    a. The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

    b. The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for Defendants;

    c. Defendants acted or refused to act on grounds generally applicable to the Class; and questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

    d. Retention Specialists who are currently employed by Defendants are likely to fear retaliation and/or the loss of their employment, and thus will likely not commence their own actions or assert FLSA claims as part of the Collective.

## **SUBSTANTIVE ALLEGATIONS**

22. Plaintiffs were employed by Defendants within the last three years, as stated above. Plaintiffs and similarly situated Retention Specialists were employed by Defendants to attempt to collect on past due invoices from customers, and, if unsuccessful, to disconnect and retrieve the broadband and/or TV equipment from customers' homes.

23. Throughout their employment, in most or all weeks, Plaintiffs worked more than 40 hours per week. Plaintiffs worked as many as 70 hours per week.

24. Throughout their employment, Plaintiffs were not paid for all hours worked, including hours worked over 40 in most or all work weeks. Rather, Defendants required Plaintiffs and all similarly situated employees to punch out when they had worked approximately 40 hours, and continue to work off the clock for the remainder of their hours. Defendants also required Plaintiffs to perform administrative work off the clock, regardless of whether they had worked 40 hours for the week.

25. Defendants required Plaintiffs and similarly situated employees to pay for various expenses of Defendants' businesses, including the cost of "personal" vehicles that were used during work hours to perform work for Defendants. Among other things these vehicles were used to travel to customers' homes to disconnect the equipment of customers who were delinquent with payments and whose accounts could not be collected upon. Defendants did not reimburse Plaintiffs and similarly situated Retention Specialists for the cost of gasoline, insurance, tolls, and maintenance. Defendants required Plaintiffs and similarly situated Retention Specialists to own a vehicle; several of the Plaintiffs herein were required to *purchase* a vehicle in order to work for Defendants. Plaintiffs and similarly situated retention specialists were not reimbursed for any of the costs associated with their vehicles, despite the fact that these vehicles were used and/or purchased to conduct Defendants' business.

26. Defendants failed to provide to Plaintiffs proper pay statements as required by NYLL §195(3). The pay statements do not list the name and address of RCH Cable, who is the Retention Specialists' employer, do not accurately state the rate of pay and whether the Retention Specialists are paid by the hour or piece, the telephone number of the employer, the

physical address of the employer's office or principal place of business, the overtime rates of pay, the number of regular hours worked, and the number of overtime hours worked.

## COUNT I

**Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*:**
**Failure to Pay Overtime and Unlawful Deductions**
**(Brought on Behalf of Plaintiffs and the Collective)**

27. Plaintiffs incorporate and re-allege all of the preceding paragraphs as if they were fully set forth herein.

28. During the FLSA Class Period, Plaintiffs and others similarly situated were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

29. At all relevant times, Defendants have been an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

30. At all relevant times, Defendants' business has had annual gross revenues in excess of $500,000.

31. Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. §216(b). Plaintiffs' written consents are attached hereto as Exhibit A and incorporated by reference.

32. Defendants were required to properly pay Plaintiffs and others similarly situated all wages due including applicable overtime wages for all hours worked in excess of 40 hours in a workweek.

33. During the FLSA Class Period, Defendants failed to pay Plaintiffs and the Collective all wages due including overtime wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek to which they were entitled under the FSLA, 29 U.S.C. §207.

10

34. Defendants' violation of the overtime requirements of the FLSA was part of their regular business practice and constituted a pattern, practice, and/or policy.

35. Defendants also required Plaintiffs and the Collective to purchase vehicles and pay the related expenses, including but not limited to gasoline, insurance, tolls, and maintenance, to perform their work for Defendants. Defendants did not reimburse Plaintiffs and the Collective for any of these expenses, thus causing the wages of Plaintiffs and the Collective to amount to less than the minimum wage, in violation of the FLSA.

36. As a result of Defendants' violations of the FLSA, Plaintiffs and others similarly situated have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and by the deductions from their wages, and are entitled to recovery of such amounts, liquidated damages in an amount equal to their unpaid wages, prejudgment and post judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. §216(b).

37. Defendants' unlawful conduct, as described above, was willful and intentional and/or was not in good faith. Defendants knew or should have known that the practices complained of herein were unlawful. Defendants knew that Plaintiffs and others similarly situated routinely worked in excess of forty hours per week and/or paid for the costs associated with Defendants' business, and that Plaintiff and others similarly situated were not paid for all hours worked and/or reimbursed for their expenditures.

38. Defendants have not made a good faith effort to comply with the FSLA with respect to the compensation of Plaintiffs and others similarly situated.

39. Because Defendants' violations of the FSLA have been willful, a three-year statute of limitations applies, pursuant to the FLSA, 29 U.S.C. §255(a).

40. Plaintiffs and the Collective seek to enjoin Defendants from their continuing violations of 29 U.S.C. §207.

## COUNT II

**New York Labor Law, Article 19: Failure to Pay Overtime**
**(Brought on Behalf of Plaintiffs and the Class)**

41. Plaintiffs incorporate and re-allege all of the preceding paragraphs as if they were fully set forth herein.

42. Plaintiffs and the Class were employees of Defendants within the meaning of NYLL, Article 6, §190(2), and supporting New York regulations.

43. Defendants were an "employer" within the meaning of NYLL Article 6, §190(3), and any supporting regulations.

44. Defendants failed to pay Plaintiffs and the Class overtime wages of not less than one and one-half times their regular rate of pay for each hour worked in excess of 40 hours in a workweek.

45. Defendants' failure to pay Plaintiff and the Class overtime wages was willful and/or not in good faith within the meaning of NYLL, Article 19, §663. Defendants were aware of the requirements of the NYLL and continued to deprive Plaintiffs and the Class of all wages owed.

46. Due to Defendants' violations of the NYLL, Plaintiffs and the Class are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

# COUNT III

## New York Labor Law §193: Unlawful Deductions
## (Brought on Behalf of Plaintiffs and the Class)

47. Plaintiffs incorporate and re-allege all of the preceding paragraphs as if they were fully set forth herein.

48. The NYLL expressly prohibits employers from making unauthorized deductions from employees' wages.

49. NYLL §193 prohibits deductions from employees' wages unless the deductions are (1) expressly authorized by and "for the benefit of the employee" and (2) are limited to the enumerated categories of permissible deductions listed in NYLL §193.

50. Plaintiffs and the Class never authorized Defendants to withhold their wages for the purpose of financing travel to perform work for Defendants and/or for other costs relating to the operation of Defendants' business.

51. Deduction of overhead expenses provides a direct benefit to the employer, and not to the employee. The failure to reimburse Plaintiffs and the Class for their full expenses associated with purchasing and/or using their personal vehicles during work hours, and for other costs relating to Defendants' business, to perform work for Defendants, constitutes an unlawful deduction because the "purpose" of NYLL §193 was "[t]o prohibit wage deductions by indirect means where direct deductions would violated the statute."

52. Thus, Defendants' failure to reimburse Plaintiffs and the Class for their expenses violates NYLL §193 because it is neither for the benefit of Plaintiffs and the Class nor of a type allowable under NYLL §193.

53. As a result of Defendants' unlawful deductions from their compensation, Plaintiffs and the Class were damaged in an amount to be proven at trial.

## COUNT IV

### New York Labor Law §195(3): Inadequate Wage Statements
### (Brought on Behalf of Plaintiffs and the Class)

54. Plaintiffs incorporate and re-allege all of the preceding paragraphs as if they were fully set forth herein.

55. NYLL §195(3) requires that an employer furnish a wage statement, with each payment, to an employee that provides basic information including but not limited to identifying information of the employer and the employee's hours worked and rate of pay for straight-time and overtime hours.

56. Defendants failed to provide to Plaintiffs proper pay statements as required by NYLL §195(3). The pay statements do not list the name and address of RCH Cable, who is the Retention Specialists' employer, do not accurately state the rate of pay and whether the Retention Specialists are paid by the hour or piece, the telephone number of the employer, the physical address of the employer's office or principal place of business, the overtime rates of pay, the number of regular hours worked, and the number of overtime hours worked.

57. As a result of Defendants' conduct, Plaintiffs and the members of the Class have been damaged in an amount of statutory damages to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court grant Plaintiffs and the Retention Specialists the following relief:

A. An order certifying the first Count as a collective action for the violations of the FLSA, under 29 U.S.C. §216(b) for the class of employees described herein and designating Plaintiff's counsel as Class counsel;

B. An order certifying the second, third and fourth Counts as a class action for violations of the NYLL under Federal Rule of Civil Procedure 23(a) and (b)(3) for the class of employees described herein, appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' counsel as Class Counsel;

C. Award Plaintiffs and the Retention Specialists all statutory damages, compensatory damages, punitive damages, liquidated damages, pre-judgment interest, and post-judgment interest, statutory damages, and any other damages that may be just and proper;

D. Award Plaintiffs and the Retention Specialists their reasonable attorneys' fees, costs and expenses as authorized by law;

E. Enjoin Defendants from their continued violation of the FLSA and the NYLL; and

F. Grant in favor of Plaintiffs and the Retention Specialists such other relief as may be just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

DATED: April 27, 2015        **GARDY & NOTIS, LLP**

By: s/*Orin Kurtz*
Mark C. Gardy
Orin Kurtz (Bar Roll No. 519223)
Tower 56
126 East 56th Street, 8th Floor
New York, New York 10022
Tel: (212) 905-0509

Fax: (212) 905-0508
mgardy@gardylaw.com
okurtz@gardylaw.com

*Attorneys for Plaintiff*